**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| N.M., A MINOR BY AND THROUGH HER MOTHER AND NEXT FRIEND, NATALIE MELROSE, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-17-1073-BMJ<br>) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | )<br>)<br>)<br>) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, N.M., a minor, brings this action by and through her mother and next friend, Natalie Melrose, pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's final decision finding she was not disabled under the Social Security Act. The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner filed the Administrative Record (AR) [Doc. No. 14], and both parties have briefed their respective positions.[1] For the reasons stated below, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

**I.      Procedural Background**

On November 18, 2013, Plaintiff protectively filed an application for supplemental security income. *See* AR 10. The Social Security Administration denied the application initially and on reconsideration. AR 62, 70. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision dated August 29, 2016. AR 7-29. The Appeals Council denied Plaintiff's

---

[1] Citations to the parties' submissions reference the Court's CM/ECF pagination.

request for review. AR 1-6. Thus, the decision of the ALJ became the final decision of the Commissioner. *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). Plaintiff seeks judicial review of this final agency decision.

## II.     The ALJ's Decision

The ALJ followed the three-step sequential evaluation process required by agency regulations for evaluating the disability of a child. *See* 20 C.F.R. § 416.924. The ALJ first determined Plaintiff had not engaged in substantial gainful activity since November 18, 2013, the application date. AR 13. At step two, the ALJ determined Plaintiff suffered from the severe impairment of attention deficit hyperactivity disorder (ADHD). *Id.*[2] At step three, the ALJ first found Plaintiff's impairment did not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 13-14. The ALJ next found that Plaintiff's impairment did not functionally equal the severity of the Listings. AR 14-24. The ALJ concluded, therefore, that Plaintiff was not disabled for purposes of the Social Security Act. AR 25.

## III.    Issues Presented for Judicial Review

Plaintiff contends the ALJ erred by failing to properly analyze whether she met or medically equaled a Listing. Furthermore, Plaintiff asserts the ALJ should have found that she functionally equaled a Listing.

## IV.    Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009).

---

[2] The ALJ also found Plaintiff had the non-severe impairments of nocturnal enuresis and asthma. *Id.*

2

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

V.  **Analysis**

Plaintiff argues the ALJ erred in his analysis at step three. At step three, the ALJ must determine whether the child claimant has an impairment that meets, medically equals, or functionally equals a Listing. 20 C.F.R. § 416.924(d). If the child's impairment meets, medically equals, or functionally equals a Listing and meets the durational requirement, the ALJ will find the child disabled at step three. *Id.* If those criteria are not met, the ALJ will find the child is not disabled. *Id.*

### A. The ALJ Failed to Properly Analyze Whether Plaintiff Met or Medically Equaled a Listing

Plaintiff contends the ALJ failed to make detailed findings regarding whether she met or medically equaled Listing 112.11. Pl's Br. 9-11. Listing 112.11, for ADHD, requires medical evidence of marked inattention, marked impulsiveness, and marked hyperactivity and "at least two of the appropriate age-group criteria in paragraph B2 of [Listing] 112.02." 20 C.F.R. pt. 404,

3

subpt. P, app. 1, § 112.11. The "appropriate age-group criteria" are marked impairment in age-appropriate cognitive/communicative function documented by medical findings, marked impairment in age-appropriate social functioning documented by history and medical findings, marked impairment in age-appropriate personal functioning documented by history and medical findings, and marked difficulties in maintaining concentration, persistence, or pace. *Id.* at § 112.02(B)(2).

The ALJ found as follows:

> It is not apparent on the face of the record that [Plaintiff's] condition is disabling per se. The undersigned grants great weight to the specific opinions of the State agency examiners who considered this issue at the initial and reconsideration levels of administrative review and concluded that no listing is met or equaled.
>
> Further, the evidence of record discussed herein indicates that, although [Plaintiff's] impairments were "severe" within the meaning of the Regulations, such were not "severe" enough to meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. In making this determination, the undersigned considered the criteria of section 112.11 of the Listing of Impairments. As discussed herein, as a part of this determination, the undersigned has carefully considered all [Plaintiff's] allegations, but the evidence in the record does not establish that [Plaintiff's] impairments, singly or in combination, meet or equal the severity criteria of any listed impairment.

AR 13-14. The ALJ proceeded to consider whether Plaintiff functionally met the severity of the Listings. AR 14-24. Plaintiff argues that the discussion failed to make detailed findings as to whether she met Listing 112.11. Pl.'s Br. 9. On the other hand, the Commissioner contends the ALJ's discussion was detailed enough on its own to withstand scrutiny. Def.'s Br. 13-14. Alternatively, the Commissioner argues that "the ALJ's more detailed functional equivalence discussion provides a proper basis for upholding his conclusion that [Plaintiff's] impairments did not meet or medically equal a listing." *Id.* at 14. The Court finds Plaintiff's argument has merit.

4

The Tenth Circuit held that "[i]n the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion that appellant's impairments did not meet or equal any Listed Impairment, and whether he applied the correct legal standards to arrive at that conclusion." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996); *see also Huffman v. Astrue*, 290 F. App'x 87, 89 (10th Cir. 2008) (unpublished) (applying *Clifton* to a childhood-disability-benefits case). A "bare conclusion" in this context "is beyond meaningful judicial review." *Clifton*, 79 F.3d at 1009; *Huffman*, 290 F. App'x at 89. Noting only that the opinion evidence of record and objective evidence do not sufficiently show a claimant satisfies the criteria necessary to meet a Listing, as the ALJ did herein, amounts to a "bare conclusion." *See Vigil o/b/o V.D.V. v. Berryhill*, No. 1:17-CV-00316-KMT, 2018 WL 1182404, at *2 (D. Colo. Mar. 7, 2018); *Barthel, ex rel. T.M.B. v. Astrue*, CIV-08-60-L, 2009 WL 2476601, at *10 (W.D. Okla. Aug. 11, 2009).[3] Thus, the ALJ's consideration as to whether Plaintiff met or medically equaled Listing 112.11 is deficient on its own.

Moreover, the deficiencies in the ALJ's discussion regarding meeting or medically equaling a Listing are not cured by his subsequent consideration of functional equivalence. When considering functional equivalence, an ALJ considers six domains of functioning to determine whether a claimant functionally equals a Listing. 20 C.F.R. § 416.926a (listing the six domains of functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for

---

[3] The Commissioner argues *Barthel* is distinguishable because the ALJ gave great weight to the opinions of the state agency reviewing psychologists and stated that the evidence of the record discussed in the decision indicated Plaintiff's impairments did not meet or medically equal a Listing. Def.'s Br. 10, n.6. The court in *Barthel*, however, discussed both the opinions of state agency physicians and the "evidence of record." *Barthel*, 2009 WL 2476601, at *9. Thus, the cases are not distinguishable in the manner suggested by the Commissioner.

5

yourself; and (6) health and physical well-being). Quoting the Federal Register, the Tenth Circuit found that "the 'domains are specifically designed for determining functional equivalence and are *completely delinked from the mental disorders and other listings.*'" *Smith ex. Rel. E.S.D. v. Barnhart*, 157 F. App'x 57, 65 (10th Cir. 2005) (unpublished) (quoting 65 Fed. Reg. 54747, 54755 (Sept. 11, 2000)) (emphasis in original). Thus, the court found that "[t]he discussion of the functional equivalence domains does not serve as a substitute for the requisite analysis of the [functional areas contained in the Listings]." *Id.*; *see also Huffman*, 290 F. App'x at 89 (10th Cir. 2008) (noting that although the functional domains are similar to those in the Listings, they are "completely delinked" and found the ALJ's determination did not meet a Listing was "beyond meaningful judicial review"); *Vigil*, 2018 WL 1182404, at *3 ("[I]t is reversible error for the ALJ not to analyze functional and medical equivalence independently in the context of considering a claim for childhood disability benefits."); *Sabala, ex rel. I.E.S. v. Astrue*, No. 10-CV-01902-REB, 2011 WL 4485913, at *3 (D. Colo. Sept. 28, 2011) ("[A]lthough the medical and functional equivalence inquiries thus overlap to some extent, they are not completely coextensive."); *Barthel*, 2009 WL 2476601, at *10 (finding the analysis of functional equivalence "cannot be substituted for his failure to make specific findings regarding the degree of limitation [the claimant] experienced in each of the functional areas used to determine whether his ADHD met the criteria of Listing 112.11."). This line of cases supports reversal because the ALJ's subsequent analysis

of functional equivalency cannot serve as the primary support for a finding that a child claimant does not meet or medically equal a Listing.[4]

The Court finds that reversal and remand is appropriate because the ALJ did not sufficiently analyze whether Plaintiff met or medically equaled a Listing.

### B. The Court Does Not Reach Plaintiff's Remaining Point of Error

Plaintiff also asserts the ALJ did not properly analyze whether Plaintiff functionally met a Listing. The Court does not address this argument because the ALJ's analysis may be affected on remand after the ALJ properly considers the evidence. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) (finding the court need not reach the merits of claims that "may be affected by the ALJ's treatment of the case on remand"); *see also Barthel*, 2009 WL 2476601, at *10 (declining to discuss address errors with regard to the ALJ's analysis of the functional domains after finding the ALJ's analysis of whether the claimant met or medically equaled a Listing was deficient).

---

[4] The Commissioner contends an ALJ is permitted to utilize the reasoning from later steps in the analysis to uphold a finding that a claimant did not meet or medically equal a Listing. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-35 (10th Cir. 2005); *Johnson ex rel. J.K.J. v. Colvin*, No. 12-CV-77-FHM, 2013 WL 3216064, at *4 (N.D. Okla. June 24, 2013). The Court does not find this argument persuasive. While *Johnson* involves facts analogous to those in this matter and reached an opposite conclusion, the Court is more persuaded by the authority cited above which reached the same conclusion as the Court herein.

Furthermore, *Fischer-Ross* is not directly on point—it involved a case for adult benefits in which the analysis of the claimant's RFC "conclusively negate[d] the possibility of any finding that Claimant is presumptively disabled under" a Listing. *Fischer-Ross*, 431 F.3d at 735. *Huffman* was decided after *Fischer-Ross*, and although unpublished, addresses a similar fact scenario to that in this case and found reversal was required. *Huffman*, 290 F. App'x 87. Finally, *Huffman* leaves open the possibility of harmless error if the ALJ discussed the Listing criteria alongside the discussion of the functional domains. *Id.* at 89. But, in both this case and in *Huffman*, the ALJ did not engage in such a discussion. *See* AR14-24.

## VI. Conclusion

For the reasons set forth, the Court reverses the decision of the Commissioner and remands the matter for further proceedings consistent with this Memorandum Opinion and Order.

ENTERED this 24th day of July, 2018.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE